# ARKANSAS COURT OF APPEALS

DIVISION I

No. CR–15–102

| | | |
|---|---|---|
| TERKESSA STONE | | **Opinion Delivered** October 7, 2015 |
| | APPELLANT | |
| | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION |
| V. | | [NO. 60CR–13–4009] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE BARRY SIMS, JUDGE |
| | | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

At a bench trial in Pulaski County Circuit Court on September 22, 2014, appellant Terkessa Stone was found guilty of fraudulent use of a credit card, a Class C felony, and was sentenced to sixty months' probation, a $1,000 fine, restitution of $973.22, and court costs. On appeal, Stone challenges the sufficiency of the evidence supporting her conviction. For the following reasons, we affirm.

A motion for a directed verdict or dismissal is a challenge to the sufficiency of the evidence. *Green v. State*, 79 Ark. App. 297, 87 S.W.3d 814 (2002). Only evidence supporting the finding of guilt will be considered. *Whiteside v. State*, 2010 Ark. App. 232. When reviewing a denial of a directed verdict, we look at the evidence in the light most favorable to the State. *Darrough v. State*, 330 Ark. 808, 810, 957 S.W.2d 707, 708 (1997). The test for determining the sufficiency of the evidence is whether the conviction is supported by

substantial evidence, direct or circumstantial. *Killian v. State*, 60 Ark. App. 127, 959 S.W.2d 432 (1998). Evidence is substantial when it is forceful enough to compel a conclusion and goes beyond mere speculation or conjecture. *Britt v. State*, 334 Ark. 142, 974 S.W.2d 436 (1998).

Arkansas Code Annotated section 5-37-207 provides, in pertinent part, that "[a] person commits the offense of fraudulent use of a credit card … if with purpose to defraud … she uses a credit card … to obtain property or a service with knowledge that … her use of the credit card … is unauthorized by either the issuer or the person to whom the credit card … is issued." Ark. Code Ann. § 5-37-207 (Repl. 2013). In general, under the provisions of section 5-37-207, it is the use of a stolen, revoked or cancelled, forged, or unauthorized credit card that results in criminal violation. *Patterson v. State*, 326 Ark. 1004, 935 S.W.2d 266 (1996).

At trial, the State called two witnesses. The first witness, Edmund Sipe, testified that he is the director of Little Scholars Schools, an outreach ministry program that aids financially challenged children and families in southwest Little Rock. Stone is a former employee. She worked as the head administrator and bookkeeper for the organization for five years. Sipe testified that Stone had access to his credit card to make online purchases for the school. On December 6, 2010, his personal credit card was used for a $973.22 payment to Verizon. Sipe testified that he looked at additional bills and discovered more irregularities, so he told Stone that he called Verizon and noted that there was fraud involved. Stone denied knowing anything about the charges and claimed she had not made the Verizon purchase. The State

then introduced a note that was sent to Stone from Verizon thanking her for the payment of $973.22.

Sipe also testified that he was aware of Stone's financial difficulties and that she had asked him for a loan. He declined to loan her more money because he did not think she was in a position to repay him. While Stone promised repayment in full, not only for the Verizon charge but also for other items, she never did so. Sipe received an email from Stone in which she attempted to justify the irregularities and wrote that she agreed that she "owed the ministry at least half of $11,000." Sipe testified that, to date, he has not been reimbursed any costs.

The State's second witness was Detective Karen Farley of the Little Rock Police Department's Financial Crimes Unit. She initially became involved in the case after the school conducted an audit. Farley testified that when Stone voluntarily spoke to her, Stone indicated that she was having "some money issues" and that her car had been repossessed. Stone also told Farley that she needed to pay her Verizon bill because that was the only way that she had to communicate with her children. Stone said she reached out to Sipe while he was on vacation to get permission to use the credit card to pay her phone bill promising to pay him back. The defense then moved for dismissal of the charge for lack of proof that Stone used the credit card with the "purpose to defraud." The court denied the motion.

Stone was the sole witness in her own defense. She described her employment at Little Scholars Schools, including her job duties and responsibilities. Stone also explained her circumstances during her employment, including the fact that she was going through major

child-support issues with her ex-husband that led to her financial instability. Stone initially testified that Sipe had authorized the use of his credit card to pay her Verizon bill. She then stated that Sipe forgot that he had given her this authorization, but he later told her he was willing to work with her to "get this taken care of." Stone also testified that she had worked many hours "off the clock" as a form of repayment. At the close of Stone's testimony, the defense renewed its motion to dismiss. It was again denied.

Based on the facts of this case, viewed in the light most favorable to the State, there is ample evidence for the circuit court to have concluded with reasonable certainty that Stone used her boss's credit card with the purpose to defraud and that such use was unauthorized. Stone worked for Sipe and had access to his credit card. On December 6, 2010, there was an unauthorized payment of $973.22 made to Verizon, and Verizon later sent Stone a thank you note for her payment of that amount. Stone originally denied knowing about this charge and other irregularities, but later promised to reimburse Sipe for the unauthorized charges. Stone admitted having financial difficulties at the time, and she confessed that she used the credit card.

There is substantial evidence to show that Stone used her employer's credit card "with the purpose to defraud." The trial court did not err by denying Stone's motions for directed verdict. Accordingly, we affirm.

Affirmed.

HARRISON and BROWN, JJ., agree.

*Margaret Egan*, Deputy Public Defender, by: *William R. Simpson, Jr.*, Public Defender, and *Amy Jackson Kell*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Ashley Driver Younger*, Ass't Att'y Gen., for appellee.

SLIP OPINION