SLIP OPINION



# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–15–449

| | |
|---|---|
| JIMMIE BOWDEN CLARK<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** December 2, 2015<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION<br>[NO. CR–14–2904]<br><br>HONORABLE HERBERT T. WRIGHT, JUDGE<br><br>AFFIRMED |

## BART F. VIRDEN, Judge

On December 17, 2014, Jimmie Bowden Clark was found guilty of possession of a controlled substance, a Class D felony, and of driving on a suspended license, an unclassified misdemeanor, after a bench trial in the Pulaski County Circuit Court. He was sentenced to three years in the Arkansas Department of Correction on the possession charge. Clark filed a timely notice of appeal. For his sole point on appeal, Clark asserts that the circuit court erred in finding that he was in possession of a controlled substance. We affirm.

At Clark's trial, the State called four witnesses to testify. The first witness, Cardarius Walker, a narcotics investigator for the Pulaski County Sheriff's Office, testified that on July 9, 2014, he observed the driver of a gray Cadillac run several stop signs in the area of 14th Street and Madison Street. Walker testified that he called for assistance and that Investigator Joseph Breaux of the Pulaski County Sheriff's Office responded.

Investigator Breaux also testified at Clark's trial. He told the court that after he received the call requesting assistance and identifying the vehicle, he stopped Clark, identified himself, and explained to Clark the reason he pulled him over. Clark, who was alone in the vehicle, provided proof of insurance and vehicle registration, but he explained that his driver's license had been suspended. Investigator Breaux had Clark's vehicle impounded, and then he performed an inventory search of the car. He testified that during his search he found the Mentos container in the passenger seat. Investigator Breaux opened the Mentos container and found what he believed to be seven rocks of crack cocaine. An expert from the Arkansas State Crime Lab testified that he had analyzed the substance Investigator Breaux found in the Mentos container, and the testing confirmed that the substance was about 1.8 grams of cocaine.

After the State's witnesses testified, defense counsel moved for a dismissal, asserting that the State did not prove its case.[1] The State responded that there had been evidence that there was a controlled substance sitting in the passenger seat, that the substance was packaged in seven individual bags, and that the substance, weighing less than two grams, was found to be cocaine. Defense counsel repeated its motion for a dismissal, this time asserting more specifically that the State had not proved that Clark had been in possession of cocaine. The court denied the motion.

Clark testified at his trial. He stated that he did not know that the Mentos container

---

[1]Although appellant moved for a directed verdict, such a motion at a bench trial is a motion for dismissal.

was in his car, and he explained that, about 15 or 20 minutes prior to being pulled over, a man named Thomas James had been a passenger in his car. Clark testified that the container had not been in the car before James had ridden with him, and James must have been left it there. James was called to testify, but he invoked his Fifth Amendment privilege against self-incrimination and did not offer any testimony. Counsel for the defense renewed its motion for a dismissal, and the circuit court denied the motion. The circuit court found Clark guilty of possession of cocaine and of driving on a suspended license, and Clark was sentenced to three years in the Arkansas Department of Correction for the possession charge. This appeal followed.

On appeal, we treat a motion for directed verdict as a challenge to the sufficiency of the evidence. *Bustillos v. State*, 2012 Ark. App. 654, at 5, 425 S.W.3d 44, 47; *Foster v. State*, 2015 Ark. App. 412, at 4, 467 S.W.3d 176, 179. We will affirm the circuit court's denial of a motion for directed verdict if there is substantial evidence, either direct or circumstantial, to support the circuit court's ruling. *Bustillos*, 2012 Ark. App. 654, at 5, 425 S.W.3d at 47. Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* Furthermore, this court views the evidence in the light most favorable to the circuit court's ruling, and only evidence supporting the ruling will be considered. *Id.* Witness credibility is an issue for the fact-finder, who is free to believe all or a portion of any witness's testimony and whose duty it is to resolve questions of conflicting testimony and inconsistent evidence. *Steele v. State*, 2014 Ark. App. 257, at 6, 434 S.W.3d 424, 429. Because a criminal defendant's intent can seldom be proved by direct evidence, it

must usually be inferred from the circumstances surrounding the crime. *Feuget v. State*, 2012 Ark. App. 182,  394 S.W.3d 310.

The State asserts that defense counsel did not state the grounds for the motion to dismiss with specificity;  therefore, the motion to dismiss was not preserved. We disagree, and we hold that defense counsel specifically apprised the court of the element of the charge that it alleged was insufficiently proved by the State. Arkansas Rule of Criminal Procedure 33.1 sets forth the manner in which a motion to dismiss must be made:

> (b) The motion for dismissal shall state the specific grounds [.]

> (c) The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required in subsections (a) and (b) above will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment. A motion for directed verdict or for dismissal based on insufficiency of the evidence must specify the respect in which the evidence is deficient. A motion merely stating that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense.

If the party moving for dismissal does not state specifically how the evidence is insufficient, "the trial judge has no opportunity to rule on specific grounds with respect to any of the charges." *Welch v. State*, 330 Ark. 158, 163–64, 955 S.W.2d 181, 183 (1997).

At the close of the State's case in chief, defense counsel made the following motion: "The State has not proved that my client was in possession of the cocaine." By addressing the specific deficiency of proof required to support the circuit court's ruling, in this case possession, defense counsel's motion was made with enough detail to preserve the motion to dismiss.

We now turn to Clark's point on appeal challenging the sufficiency of the evidence.

4

Possession of cocaine with intent to deliver is codified at Arkansas Code Annotated section 5-64-420(b)(1). The lesser-included offense is possession of a controlled substance and is codified at Arkansas Code Annotated section 5-64-419(a) and (b). It sets forth that a person possessing cocaine in an amount weighing less than two grams is guilty of a Class D felony.

"Possess" is defined in Arkansas Code Annotated section 5-1-102(15) as "to exercise actual dominion, control, or management over a tangible object[.]" The evidence may be direct or circumstantial, *Hogan v. State*, 2010 Ark. App. 434, but when circumstantial evidence alone is relied on, it must exclude every reasonable hypothesis other than that of the guilt of the accused. *Lowry v. State*, 364 Ark. 6, 216 S.W.3d 101 (2005).

It is not necessary for the State to prove literal, physical possession of drugs in order to prove possession, constructive possession–control of or right to control the contraband–is sufficient. *Bustillos*, *supra*. In order to prove constructive possession, the State must establish beyond a reasonable doubt that the defendant exercised care, control, and management over the contraband. *Foster*, 2015 Ark. App. 412, at 4. Constructive possession can be inferred where the contraband was found in a place immediately and exclusively accessible to the accused and subject to his control. *Id.* Constructive possession may be established by circumstantial evidence. *George v. State*, 356 Ark. 345, 151 S.W.3d 770 (2004).

The testimony in support of the circuit court's was as follows: Clark was alone in his car when he was pulled over for running several stop signs. Investigator Breaux testified that when he conducted an inventory search of Clark's car, he found the Mentos container in the passenger seat where it was clearly visible. The Arkansas State Crime Lab analyst testified that

5

the substance in the container was crack cocaine and that it weighed 1.8 grams. Clark testified that he was driving the car and indicated that it belonged to him.

Based on the evidence set forth above, we find no error in the circuit court's ruling. The evidence supports the State's assertion that the contraband was found in a place immediately and exclusively accessible to Clark, that the contraband was subject to his control, and that the substance was 1.8 grams of cocaine. Though Clark asserted that he had no knowledge of the cocaine or of the container it was in, the circuit court did not find his testimony credible, and we defer to the circuit court on matters of credibility. *See Steele*, *supra*.

Affirmed.

HARRISON and WHITEAKER, JJ., agree.

*William R. Simpson, Jr.*, Public Def. and *Sarah Swander*, Deputy Public Def., by: *Margaret Egan*, Deputy Public Def., for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Ass't Att'y Gen. and *Rafael Gallaher*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules of the Supreme Court under the Supervision of *Darnisa Evans Johnson*, Deputy Att'y Gen. for appellee.