SLIP OPINION

Cite as 2017 Ark. App. 22

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–16–364

| | | |
|---|---|---|
| BOBBY JOE GILL | | Opinion Delivered: January 18, 2017 |
| | APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT, [NO. 23CR-15-723] |
| V. | | |
| | | HONORABLE CHARLES E. CLAWSON, JR., JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED; MOTION TO BE RELIEVED GRANTED |

**KENNETH S. HIXSON, Judge**

Appellant Bobby Joe Gill was convicted in a bench trial of possession of methamphetamine, possession of drug paraphernalia, felon in possession of a firearm, and simultaneous possession of drugs and a firearm. For these offenses, Mr. Gill was sentenced to twenty years in prison. Mr. Gill now appeals.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k)(1) of the Rules of the Arkansas Supreme Court, appellant's counsel has filed a no–merit brief wherein counsel asserts that this appeal is wholly without merit. Appellant's counsel's abstract, brief, and addendum contain the adverse rulings and an explanation as to why each ruling is not a meritorious ground for reversal. Appellant's counsel has also filed a motion to be relieved.[1]

---

[1]In appellant's counsel's motion to be relieved, counsel asserts that he has filed the motion under protest because our clerk instructed him to file it, and he asks that his motion be denied. Counsel acknowledges that our *Anders* procedure "apparently" requires a motion to withdraw, but states that Rule 4–3(k)(1) does not explicitly require one. Counsel

Mr. Gill was provided with a copy of his counsel's brief and notified of his right to file a list of pro se points for reversal, but he has filed no points. Having reviewed the record before us, we conclude that this appeal is wholly without merit and affirm appellant's convictions.

Officer James Kallen Lacy of the Conway Police Department was the only witness to testify at the bench trial. Officer Lacy testified that, at about 3:30 a.m. on September 22, 2015, he stopped a truck being driven by Mr. Gill because a tail light was out. After the stop, Officer Lacy noticed that Mr. Gill was extremely nervous, and he asked Mr. Gill if he could search him for weapons. Mr. Gill consented, and during the search Officer Lacy found an automatic knife in Mr. Gill's pocket, as well as a gun holster in his waistband. Officer Lacy contacted the Arkansas Crime Information Center and learned that Mr. Gill was driving on a suspended license. Officer Lacy then arrested Mr. Gill for driving on a suspended license and placed him in the back of the patrol car.

After Mr. Gill was taken into custody, Officer Lacy discovered a loaded pistol in plain view on the floorboard of the truck within the reach of the driver. Officer Lacy called in the serial number and was informed that the gun was stolen. Officer Lacy and his partner then searched the rest of the vehicle. The police found a leather handbag in the front of the truck between the driver's and passenger's seats. The handbag contained a gun box, and the gun box contained a purple liquid in a glass smoking device, as well as a white crystalline

---

contends that requiring a motion to withdraw, even in an *Anders* case, puts the criminal defense bar in disrepute with their clients and client's families, and at a minimum creates the appearance of impropriety from the client's perspective. However, our supreme court held in *Blue v. State*, 287 Ark. 345, 698 S.W.2d 302 (1985), that in order to file a no-merit brief, the appellant's attorney must also file a motion for permission to withdraw as counsel. Therefore, our clerk was correct in advising appellant's counsel that he was required to accompany his no-merit brief with a motion to withdraw.

substance. These items were transported to the crime lab, and the purple liquid and white crystalline substance both tested positive for methamphetamine. In addition, the gun was found to fit the holster being worn by Mr. Gill. The State also introduced into evidence several prior felony convictions against Mr. Gill.

In this no-merit appeal, Mr. Gill's counsel accurately states that the only adverse rulings below were the trial court's denials of his motions for dismissal with respect to each of the four offenses for which he was convicted. A motion for dismissal in a bench trial is a challenge to the sufficiency of the evidence. *Doty v. State*, 2015 Ark. App. 193. On appeal, the test for determining the sufficiency of the evidence is whether the conviction is supported by substantial evidence, direct or circumstantial. *Stone v. State*, 2015 Ark. App. 543, 473 S.W.3d 29. In making this determination, the evidence is reviewed in the light most favorable to the State, considering only the evidence that supports the verdict. *Thornton v. State*, 2014 Ark. 157, 433 S.W.3d 216. Substantial evidence is evidence of sufficient force and character to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.*

In this case the only basis for Mr. Gill's dismissal motions was that there was insufficient evidence that he was in possession of any of the contraband. In Mr. Gill's counsel's brief, he correctly asserts that there can be no meritorious challenge to the trial court's determination that he was in possession of the firearm, methamphetamine, and drug paraphernalia.

Arkansas Code Annotated section 5-1-102(15) (Repl. 2013) defines "possession" as "to exercise actual dominion, control, or management over a tangible object." The State

does not have to prove that the defendant physically held the contraband. *Conley v. State*, 2014 Ark. 172, 433 S.W.3d 234. Constructive possession, which is the control or right to control the contraband, is sufficient. *Id.* Constructive possession can be implied when the contraband is found in a place immediately and exclusively accessible to the defendant and subject to his control. *Id.*

The testimony in this case showed that Mr. Gill was driving the truck and was the only occupant when he was stopped by the police. Subsequent to the stop, the police found a loaded pistol in plain view on the floorboard within reach of the driver. In the middle of the front seat was a handbag containing quantities of methamphetamine and a smoking device. All of the contraband was immediately accessible to Mr. Gill and in his exclusive control. Therefore, Mr. Gill's convictions for possession of methamphetamine, possession of drug paraphernalia, felon in possession of a firearm, and simultaneous possession of drugs and a firearm were supported by substantial evidence, and there could be no meritorious argument to the contrary on appeal.

Based on our review of the record and the brief presented, we conclude that there has been compliance with Rule 4–3(k)(1) and that this appeal is without merit. Consequently, appellant's counsel's motion to be relieved is granted, and the judgment is affirmed.

Affirmed; motion to be relieved granted.

GRUBER, C.J., and VIRDEN, J., agree.

*John Wesley Hall* and *Sarah M. Pourhosseini*, for appellant.

No response.