2017 Ark. App. 689

Gary **ROBINSON, Jr.,** Appellant

v.

**STATE** of Arkansas, Appellee

No. CR–17–545

Court of Appeals of Arkansas,
DIVISION III.

Opinion Delivered: December 13, 2017

James Law Firm, by: Michael Kiel Kaiser and William O. "Bill" James, Jr., Little Rock, for appellant.

Leslie Rutledge, Att'y Gen., by: Jason Michael Johnson, Ass't Att'y Gen., for appellee.

ROBERT J. GLADWIN, Judge

Appellant Gary Robinson, Jr., appeals his conviction by a Faulkner County jury on charges of simultaneous possession of drugs and a firearm, a Class Y felony, in violation of Arkansas Code Annotated section 5–74–106 (Supp. 2013), and failure to appear, a Class C felony, in violation of Arkansas Code Annotated section 5–54–120 (Supp. 2013).[1] He challenges the sufficiency of the evidence supporting the convictions for simultaneous possession of drugs and firearms and failure to appear. We affirm.

## I. Facts

On April 16, 2015, appellant was pulled over by Officer Richard Shumate of the Conway Police Department for traffic violations—failure to stop at an intersection and the trunk standing open so that the license plate could not be read—at which time appellant was found to have a suspended driver's license. Officer Shumate

---

1. Appellant was also convicted of possession of a controlled substance with the purpose to deliver methamphetamine, less than two grams, a Class B felony, in violation of Arkansas Code Annotated section 5–64–420(b)(2) (Supp. 2013), but that conviction is not at issue in this appeal.

asked appellant to exit the vehicle, placed him into custody, handcuffed him, and performed a search of appellant's person incident to arrest.

During the search, Officer Shumate found a plastic bag that contained eleven smaller bags of methamphetamine in a pouch sewn into appellant's underwear. During the subsequent search of the car appellant was driving, Officer Shumate discovered a semiautomatic pistol between the center console and the driver's seat. Officer Shumate indicated that if a person was in the driver's seat of the vehicle looking down, the person would be able to see the firearm. The owner of the car was later found to be a woman named Felicia Jackson.

The State filed charges of simultaneous possession of drugs and a firearm, a Class Y felony; and possession of a controlled substance with purpose to deliver methamphetamine, a Class B felony, against appellant on April 17, 2015. Appellant's case was set for a jury trial on July 28, 2016, but it was canceled when appellant did not arrive by the specified time of 9:00 a.m. On November 8, 2016, the State amended the felony information to add one count of failure to appear, a Class C felony.

Appellant's jury trial was held on December 1, 2016. At the close of the State's case, and again at the close of all the evidence, appellant's counsel moved for a directed verdict on the simultaneous-possession and failure-to-appear charges, which the trial court denied. The jury found appellant guilty of all three charges and sentenced him to eighty years for simultaneous possession; forty years for possession with purpose to deliver; and seven years for failure to appear, to run concurrently. The trial court entered the sentencing order on December 2, 2016, and appellant filed a timely notice of appeal on December 28, 2016.

## II. *Standard of Review*

On appeal, a motion for directed verdict is treated as a challenge to the sufficiency of the evidence. *Brooks v. State*, 2016 Ark. 305, 498 S.W.3d 292. Appellate courts will affirm the conviction if there is substantial evidence to support it. *Id.* Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without mere speculation or conjecture. *See Sylvester v. State*, 2016 Ark. 136, 489 S.W.3d 146. The evidence may be either direct or circumstantial; however, circumstantial evidence must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. *King v. State*, 100 Ark. App. 208, 266 S.W.3d 205 (2007).

In reviewing a challenge to the sufficiency of the evidence, this court views the evidence in the light most favorable to the State and considers only the evidence that supports the verdict. *Beaver v. State*, 2014 Ark. App. 188. It is the jury's role as fact-finder to resolve questions of conflicting testimony and inconsistent evidence, and the jury is free to choose to believe the State's account of the facts rather than the defendant's. *Hill v. State*, 2015 Ark. App. 700, 478 S.W.3d 225. When doing so, the jury is not required to abandon common sense, and it is entitled to draw reasonable inferences from the evidence. *Jefferson v. State*, 2017 Ark. App. 492, 532 S.W.3d 75. Whether the evidence excludes every other hypothesis is a matter for the finder of fact to determine. *Cosey v. State*, 2014 Ark. App. 441, 439 S.W.3d 731.

## III. *Discussion*

### A. Simultaneous–Possession Conviction

The State charged appellant with simultaneous possession of a firearm during the

commission of a controlled-substance offense in violation of Arkansas Code Annotated section 5–74–106(a)(1) (Repl. 2016), which provides that "[a] person shall not unlawfully commit a felony violation of §§ 5–64–419–5–64–442 while in possession of [a] firearm."

In the motion for directed verdict, trial counsel argued that there was insufficient evidence, noting (1) the vehicle in question did not belong to appellant; (2) although there was a firearm in the vehicle at the time of the traffic stop, Officer Shumate testified that it was not visible unless the driver looked down at it; and (3) there was no indication that appellant was aware of the firearm's presence in the car.

Arkansas Code Annotated section 5–1–102(15) (Repl. 2013) defines "possession" as "to exercise actual dominion, control, or management over a tangible object." The State does not have to prove that the defendant physically held the contraband. *Gill v. State*, 2017 Ark. App. 22, 511 S.W.3d 865. Constructive possession, which is the control or right to control the contraband, is sufficient. *Id.* Constructive possession can be inferred when the contraband is found in a place immediately and exclusively accessible to the defendant and subject to his control. *Id. See Lambert v. State*, 2017 Ark. 31, 509 S.W.3d 637; *see also U.S. v. Roberts*, 953 F.2d 351 (8th Cir. 1992) (noting that "constructive possession" has been defined as knowledge of presence plus control). Constructive possession may be established by circumstantial evidence, but when such evidence alone is relied on for conviction, it must indicate guilt and exclude every other reasonable hypothesis. *White v. State*, 2014 Ark. App. 587, 446 S.W.3d 193.

Appellant argues that the State did not prove beyond a reasonable doubt that he had constructive possession of the firearm located in the car. First, appellant notes that he has consistently denied any knowledge of a firearm being present in Ms. Jackson's vehicle. There was no direct evidence that established appellant's possession, such as fingerprints on the firearm or any testimony that someone saw him with the firearm or that appellant regularly drove Ms. Jackson's car, *see White*, 2014 Ark. App. 587, at 3–4, 446 S.W.3d at 196. And there was no testimony from Officer Shumate to indicate that appellant attempted to conceal the firearm or acted suspiciously before to the traffic stop. *See Lambert, supra.*

Second, appellant argues that there was insufficient evidence that he had control over the firearm. He urges that the firearm was not in plain sight, citing Officer Shumate's testimony on direct examination that he located the firearm only after conducting a search of the vehicle. Appellant points out that on cross-examination, Officer Shumate acknowledged that the gun was not within plain sight, explaining, "If I didn't look at the gun, I wouldn't be able to see it. If I was driving and not looking down, I would not be able to see the gun." Because the weapon was not located in plain sight, appellant maintains that he lacked control over it and thus did not have constructive possession of it.

Appellant argues that the only evidence of constructive possession was circumstantial, and he urges that it did not exclude appellant's explanation that he was unaware of the weapon's presence in Ms. Jackson's car. Accordingly, appellant contends that there was no substantial evidence that he had any knowledge or control of the weapon.

We disagree and hold that substantial evidence supports appellant's conviction for simultaneous possession of drugs and a firearm. Possession may be imputed when contraband is found in a

place that is immediately and exclusively accessible to the accused and subject to his or her dominion and control. *Lambert, supra.* Here, it is undisputed that appellant was the driver and sole occupant of the vehicle, and the loaded firearm was found in plain view of anyone sitting in the driver's seat.

There is a dispute as to whether appellant's statements to Officer Shumate demonstrated his knowledge of the firearm's caliber and manufacturer, as well as who had placed it in the vehicle. Even assuming appellant's denials were consistent and unequivocal, witness credibility is an issue for the jury, which is free to believe all or a portion of any witness's testimony and whose duty it is to resolve questions of conflicting testimony and inconsistent evidence. *Thomas v. State*, 2014 Ark. App. 492, 441 S.W.3d 918. The jury heard substantial evidence from which it could appropriately assess the credibility of appellant's trial testimony and resolve any inconsistencies between it and his prior statements. We hold that substantial evidence supports the jury's finding that appellant had exclusive dominion and control over the firearm found inside the vehicle at the time of the arrest; accordingly, we affirm his conviction for simultaneous possession of drugs and a firearm.

### B. *Failure-to-Appear Conviction*

Next, appellant argues that the State did not prove beyond a reasonable doubt that he had no reasonable excuse for being late to court. We need not address this argument because it was not raised to the trial court. On appeal, an appellant is bound by the scope and nature of his directed-verdict motion. *See Conte v. State*, 2015 Ark. 220, 463 S.W.3d 686. Furthermore, we have held that a sufficiency-of-the-evidence argument that is not properly preserved by a directed-verdict motion is not preserved for our review. Ark. R. Crim. P. 33.1(a), (c) (2016)

Affirmed.

Glover and Hixson, JJ., agree.