Cite as 2025 Ark. App. 12

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CR-23-271

|  |  |
|---|---|
| DONALD RAY MOUSE, JR.<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** January 15, 2025<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT<br>[NO. 04CR-20-2182]<br><br>HONORABLE BRAD KARREN, JUDGE<br><br>REMANDED TO SETTLE AND SUPPLEMENT THE RECORD; REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED WITHOUT PREJUDICE |

## BRANDON J. HARRISON, Judge

A jury found Donald Ray Mouse, Jr., guilty of robbery and third-degree battery, and he has appealed his convictions. Mouse's attorney has filed a no-merit brief and a motion to withdraw as counsel pursuant to Arkansas Supreme Court Rule 4-3(b)(1) (2024) and *Anders v. California*, 386 U.S. 738 (1967), asserting that this appeal is wholly without merit. The clerk of this court mailed a copy of counsel's motion and brief to Mouse's last-known address informing him of his right to file pro se points for reversal, and he has filed pro se points. We remand the case to settle, if necessary, and supplement the record.

As we explained in *Mace v. State*, 2011 Ark. App. 472, we must have the entire record of the circuit court proceedings to be able to properly review a criminal case that is presented to us in an *Anders* no-merit format. *See also Yancy v. State*, 2024 Ark. App. 12; *Campbell v.*

*State*, 74 Ark. App. 277, 53 S.W.3d 48 (2001).  If anything material to either party is omitted from the record, either by error or by accident, we may direct that the omission or misstatement be corrected and, if necessary, that a supplemental record be certified and transmitted.  *Yancy*, *supra*; Ark. R. App. P.–Crim. 4(a).

Here, as in *Yancy*, *supra*, the record itself does not contain matters that are essential for our review.  While Mouse designated the entire record and all proceedings in his notice of appeal, the entire record is not currently before because the transcript of the voir dire of the prospective jurors in this case is not included in the record.  Arkansas Supreme Court Administrative Order No. 4 provides that "[t]he circuit court shall require the official court reporter to make a verbatim record of all proceedings pertaining to any matter before the court or the jury."

In addition, a request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief, and the brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4-3(b)(1).  Here, counsel has failed to discuss the legality of Mouse's sentence of forty years' imprisonment as a habitual offender.  *See Price v. State*, 2012 Ark. App. 33 (ordering rebriefing because counsel did not discuss in argument portion of brief the legality of sentences).

We will not address this appeal until the record is settled and supplemented and the case is rebriefed.  We therefore remand this case for the record to be settled and

supplemented within thirty days.

We express no opinion on whether counsel should file a no-merit brief pursuant to Rule 4-3(b)(1) and *Anders* or whether the brief should be an adversarial one. If counsel elects to file another no-merit brief, he should first determine whether there are any adverse rulings in the transcribed material following supplementation of the record. Counsel should then include in a substituted brief an explanation regarding all the adverse rulings made below as well as a discussion of the legality of Mouse's sentence, as set forth above. This noted deficiency may not be the only one, and counsel is strongly encouraged to review *Anders* and Rule 4-3(b)(1) for the requirements of a no-merit brief.

After counsel has filed a substituted brief, which must take place within thirty days after supplementation of the record, our clerk will forward counsel's motion and substituted brief to Mouse, and he will have thirty days within which to raise any pro se points he chooses, or he may stand on the pro se points he has already submitted. The State will likewise be given an opportunity to file a reply brief in light of the supplemental record and in the event Mouse raises additional pro se points.

Remanded to settle and supplement the record; rebriefing ordered; motion to withdraw denied without prejudice.

KLAPPENBACH, C.J., and MURPHY, J., agree.

*Jeremy D. Wann*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.

3