Cite as 2025 Ark. App. 73

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CR-24-175

|  |  |
|---|---|
| SAMUEL GOLDEN<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** February 12, 2025<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. 66FCR-23-297]<br><br>HONORABLE R. GUNNER DELAY, JUDGE<br><br>REMANDED TO SETTLE AND SUPPLEMENT THE RECORD; MOTION TO WITHDRAW DENIED |

**BART F. VIRDEN, Judge**

A Sebastian County jury convicted appellant Samuel Golden of possession of marijuana and possession of drug paraphernalia and sentenced him to an aggregate term of thirty years' imprisonment. Defense counsel has filed a motion to withdraw and a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Ark. Sup. Ct. R. 4-3(b)(1), purporting to have addressed all adverse rulings and asserting that an appeal would be wholly frivolous. We, however, cannot address the appeal at this time and must remand to settle and supplement the record within thirty days.

In her notice of appeal, counsel designated the entire record; however, the record does not contain a transcript of the voir dire, assuming it was recorded as required by Ark.

Sup. Ct. Admin. Order No. 4. In order to determine whether there has been compliance with *Anders,* we must have the entire record, including a transcript of the jury-selection process. *See, e.g., Mouse v. State*, 2025 Ark. App. 12; *Yancy v. State*, 2024 Ark. App. 12; *Mace v. State*, 2012 Ark. App. 42; *Hadley v. State*, 2010 Ark. App. 536. We examine all of the proceedings in a no-merit appeal "[i]nstead of reviewing only the parts of the record that the lawyer puts before us." *Campbell v. State*, 74 Ark. App. 277, 280-C, 53 S.W.3d 48, 50 (2001) (supplemental opinion on denial of rehearing).

We express no opinion on whether counsel should file another no-merit brief or an adversarial one, but if she chooses to file a no-merit brief, she should first determine whether there are any adverse rulings in the transcribed material following supplementation of the record. The omission we have noted here may not be the only deficiency present in the record, and counsel is strongly encouraged to review *Anders* and Rule 4-3(b)(1) for the requirements of a no-merit brief. "While it is this court's duty to fully examine the record to determine if an appeal would be wholly without merit, it is not our duty to do so with the purpose of instructing counsel what to include in a no-merit brief." *Walton v. State*, 94 Ark. App. 229, 232, 228 S.W.3d 524, 526 (2006). Once the record is supplemented, the clerk will establish a new briefing schedule. Counsel may file a substituted brief, if necessary; Golden may file additional pro se points for reversal, or he may stand on the points he has already submitted; and the State will be given an opportunity to file another responsive brief in light of the supplemental record and in the event Golden raises additional pro se points.

Remanded to settle and supplement the record; motion to withdraw denied.

KLAPPENBACH, C.J., and HARRISON, J., agree.

*Dusti Standridge*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.