Cite as 2025 Ark. App. 347

# ARKANSAS COURT OF APPEALS
## DIVISION I
### No. CR-25-75

| | |
|---|---|
| JEFFERY LANCE H. DUCKWORTH<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered June 4, 2025<br><br>APPEAL FROM THE SALINE COUNTY CIRCUIT COURT<br>[NO. 63CR-24-256]<br><br>HONORABLE KEN CASADY, JUDGE<br><br>REMANDED TO SETTLE AND SUPPLEMENT THE RECORD; REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED WITHOUT PREJUDICE |

**RAYMOND R. ABRAMSON, Judge**

A Saline County jury found Jeffery Lance H. Duckworth guilty of possession of a controlled substance, and he was sentenced as a habitual offender to thirteen years' imprisonment. Duckworth's counsel has filed a motion to withdraw and a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Ark. Sup. Ct. R. 4-3(b)(1), asserting that an appeal would be wholly frivolous. We cannot address the appeal at this time and must remand to settle and supplement the record within thirty days.

In order to determine whether there has been compliance with *Anders*, we must have the entire record of the circuit court proceedings, including a transcript of the jury-selection process. *Golden v. State*, 2025 Ark. App. 73; *Yancy v. State*, 2024 Ark. App. 12; *Mace v. State*,

2011 Ark. App. 472. In this case, as in *Mace*, voir dire was not designated to be included in the record for this appeal. We examine all the proceedings in a no-merit appeal "[i]nstead of reviewing only the parts of the record that the lawyer puts before us." *Campbell v. State*, 74 Ark. App. 277, 280-C, 53 S.W.3d 48, 50 (2001) (supplemental opinion on denial of rehearing).

We express no opinion on whether counsel should file another no-merit brief or an adversarial one, but if he chooses to file a no-merit brief, he should first determine whether there are any adverse rulings in the transcribed material following supplementation of the record. The omission we have noted here may not be the only deficiency present in the record, and counsel is strongly encouraged to review *Anders* and Rule 4-3(b)(1) for the requirements of a no-merit brief. Once the record is supplemented, the clerk will establish a new briefing schedule. Counsel may file a substituted brief, if necessary; Duckworth may file pro se points for reversal, and the State will be given an opportunity to file another responsive brief in light of the supplemental record and in the event Duckworth raises pro se points.

Remanded to settle and supplement the record; rebriefing ordered; motion to withdraw denied without prejudice.

THYER and HIXSON, JJ., agree.

*Nobles Law Firm, PLLC*, by: *Ethan C. Nobles*, for appellant.

One brief only.