Cite as 2026 Ark. App. 79

# ARKANSAS COURT OF APPEALS
## DIVISION I
### No. CR-25-75

| | |
|---|---|
| JEFFERY LANCE H. DUCKWORTH<br>APPELLANT | Opinion Delivered February 11, 2026 |
| | APPEAL FROM THE SALINE<br>COUNTY CIRCUIT COURT |
| V. | [NO. 63CR-24-256] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE KEN CASADY, JUDGE |
| | AFFIRMED; MOTION TO<br>WITHDRAW GRANTED |

**RAYMOND R. ABRAMSON, Judge**

A Saline County jury convicted appellant Jeffery Lance H. Duckworth of possession of a controlled substance, and he was sentenced to thirteen years' imprisonment. Duckworth's counsel has filed a motion to withdraw and a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Ark. Sup. Ct. R. 4-3(b)(1), stating that no meritorious grounds support an appeal. The clerk of this court mailed a certified copy of counsel's motion and brief to Duckworth informing him of his rights to file pro se points for reversal. Duckworth has filed pro se points, and the State responded. We find counsel's brief complies with the directives of *Anders* and Rule 4-3(b)(1) and that no issues of arguable merit support an appeal. Accordingly, we affirm the conviction and grant counsel's motion to withdraw.[1]

---

[1]This is the second time this no-merit appeal has been before this court. In the previous appeal, we remanded the case to settle and supplement the record because the

On March 28, 2024, the State charged Duckworth with possession of a controlled substance, aggravated assault on a family or household member, terroristic threatening, and as a habitual offender.

On October 1, the court held a jury trial. Before jury selection, Duckworth's attorney asked the court to exclude portions of a bodycam video where officers mention the reasons for their encounter with Duckworth, which included a reference to Duckworth using an axe. She noted that the parties had agreed to sever the aggravated-assault and terroristic-threatening charges, and she argued that the statements would be highly prejudicial. The State asserted that the references helped explain why the officers met Duckworth. The court reviewed the relevant portion of the video and excluded the officer's statement that "[they] got a call about somebody out here swinging an axe around."

The parties thereafter made opening statements. During Duckworth's opening statement, his counsel stated that Duckworth is a lifelong resident of Saline County and has worked for Lifeline for ten years. He further stated that Duckworth is a son and brother. The State objected and argued that "none of what [counsel] is saying is going to be offered into evidence." Duckworth's counsel agreed to move on.

Officer James Wills testified that he responded to a disturbance and encountered Duckworth in a car. He stated that when Duckworth exited the car, Duckworth threw a bag of suspected methamphetamine on the ground.

_____

transcript of the jury-selection process was not included in the record. *See Duckworth v. State*, 2025 Ark. App. 347.

During Wills's testimony, the State played his bodycam footage of the incident. In the video, after Duckworth threw the bag, he told officers, "That's all I had, I promise."

During the State's redirect examination of Wills, the State asked Wills if he usually tests items "that the witness drops himself and he admits to having it[.]" Duckworth's counsel objected and argued that Duckworth never admitted anything. The court offered to replay the video, but Duckworth withdrew his objection.

A forensic chemist with the Arkansas State Crime Laboratory testified that he analyzed the substance in the bag and that the substance was 0.3495 grams of methamphetamine. The State introduced his report.

Duckworth thereafter moved for a directed-verdict, arguing that the State did not show that he "intended to possess the drug" or that "it was actually possession." He argued that the bag could have just fallen from the car. The court denied the motion. The jury found Duckworth guilty.

The trial then proceeded to the penalty phase. The State introduced Duckworth's seven prior felony convictions and multiple prior misdemeanors. The jury sentenced Duckworth to thirteen years' imprisonment. The State nolle prossed the charges of aggravated assault on a family or household member and terroristic threatening. This no-merit appeal followed.

Rule 4-3(b)(1) provides that a no-merit brief shall contain an argument section listing all rulings adverse to the appellant on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for

reversal. The brief's statement of the case and the facts shall contain, in addition to the other material parts of the record, all rulings adverse to the appellant made by the circuit court and the page number where each adverse ruling is located in the appellate record.

In this case, counsel first correctly explains that the court's partial denial of Duckworth's evidentiary objection to portions of the bodycam video is not a meritorious ground for reversal. Circuit courts have broad discretion in deciding evidentiary issues, and their rulings on the admissibility of evidence will not be reversed absent an abuse of discretion. *Armstrong v. State*, 2020 Ark. 309, 607 S.W.3d 491. Here, the court excluded the officer's statement that "[they] got a call about somebody out here swinging an axe around," but it allowed the State to play the footage with the officers' statements that the officers were responding to a disturbance call when they encountered Duckworth. We cannot say the court's ruling was an abuse of discretion.

Counsel next explains that challenging the denial of Duckworth's directed-verdict motion is not a meritorious ground for reversal because the State presented sufficient evidence that Duckworth possessed the methamphetamine.

We agree. On appeal, this court treats a motion for directed verdict as a challenge to the sufficiency of the evidence. *Gladden v. State*, 2025 Ark. App. 78, 706 S.W.3d 741. In reviewing a challenge to the sufficiency of the evidence, this court views the evidence in the light most favorable to the State and considers only the evidence that supports the verdict. *Id.* We affirm a conviction if substantial evidence supports it. *Id.*

4

Arkansas Code Annotated section 5-1-102(15) (Repl. 2013) defines "possession" as "to exercise actual dominion, control, or management over a tangible object." *See Gill v. State*, 2017 Ark. App. 22, 511 S.W.3d 865. Here, Officer Wills testified that Duckworth threw a bag of suspected methamphetamine on the ground, and the State introduced Wills's bodycam footage of the incident. The footage also includes Duckworth's statement, "That's all I had, I promise." Thus, the State presented sufficient evidence that Duckworth possessed the methamphetamine.

Counsel also discusses the State's objection to Duckworth's opening statements and Duckworth's objection to the State's questions to Officer Wills on redirect. Counsel correctly explains that these are not meritorious grounds for reversal because the circuit court did not rule on these objections. To preserve an issue for appeal, the parties must obtain a ruling from the circuit court. *Huddleston v. State*, 339 Ark. 266, 5 S.W.3d 46 (1999).

In his pro se points, Duckworth complains that (1) his trial counsel was ineffective for not informing him of the rules and procedures of trial, (2) a potential juror contaminated the jury when she stated that her grandchild died from narcotics, (3) a juror attended high school with the trial judge, (4) he was forced to go to trial after he was told that he would be gagged and restrained to a chair, and (5) his trial counsel did not file a motion for a mental evaluation. However, as the State points out, Duckworth did not raise these issues to the circuit court. Accordingly, his arguments are not preserved for appellate review. *See Hicks v. State*, 2017 Ark. 262, 526 S.W.3d 831.

Affirmed; motion to withdraw granted.

GLADWIN and BARRETT, JJ., agree.

*Nobles Law Firm, PLLC*, by: *Ethan C. Nobles*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.