SLIP OPINION  Cite as 2015 Ark. App. 504

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR–15–37

| | | |
|---|---|---|
| REBECCA SCOTT | | **Opinion Delivered** September 23, 2015 |
| | APPELLANT | |
| V. | | APPEAL FROM THE LITTLE RIVER COUNTY CIRCUIT COURT [NO. CR–2013-132-2] |
| STATE OF ARKANSAS | | HONORABLE CHARLES A. YEARGAN, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

**RITA W. GRUBER, Judge**

Appellant Rebecca Scott appeals from convictions for possession of methamphetamine and possession of drug paraphernalia. Her sole point on appeal is that the evidence was insufficient to prove that she possessed either methamphetamine or drug paraphernalia and that the trial court therefore erred in denying her motions for directed verdict. Because her argument was not preserved for our review, we affirm her convictions.

On October 24, 2013, the Ashdown Police Department, the Arkansas State Police, and the Drug Task Force executed a search warrant at appellant's home. Appellant was the only person living in the house and was there with her two grandchildren when the police arrived. There were three bedrooms in the house. Officers discovered a "busted" glass pipe containing black residue; little baggies containing what the officers believed to be crystal methamphetamine; and another pipe, a shooter straw, lighters, and tin foil containing black residue in a dresser in the master bedroom. They also found a glass vial, three shooter straws,

a razor blade, and another pipe on a shelf in the master closet. Clayton Williams of the Arkansas State Police testified at trial that appellant identified the master bedroom as her room on the night of the search. On open shelves in the laundry room, officers found baggies containing what they believed to be methamphetamine with a few pieces of foil and a straw. After being weighed and tested, the substance proved to be about a gram and a half of methamphetamine. Finally, officers discovered a $100 bill outside in a barbecue pit with a metal pulley.

Appellant gave a statement to Ashdown Police Officer Brandon Kennenmore on the evening of the search in which she admitted that she used methamphetamine but said that she did not sell it. She also knew approximately how much methamphetamine was located in the laundry room. Later, at trial, appellant testified that she owned her home and that, although she was the only person who lived there, her daughter and Celia East had access to her home. She said that Celia came to help her clean and that she also came to "hang out" occasionally when she was fighting with her boyfriend. She said that Celia had "unfettered access" to her home. Contrary to her earlier statement to police, she testified that she did not know there were drugs in her house and that she did not stay in the master bedroom where the drugs and paraphernalia were located, but slept in the front bedroom.

Appellant's daughter testified that she lived with her husband and their two children in Hayworth, Oklahoma, and occasionally stayed at her mother's home because she worked some nights at the Sonic in Ashdown. She said that she never saw methamphetamine in her mother's home and that no one usually slept in the master bedroom. She acknowledged that

her mother had previously been in prison for methamphetamine.

Appellant's counsel moved for a directed verdict at the close of the State's evidence, stating, "I don't believe the State has proven the elements of possession of either drug paraphernalia or possession of controlled substance at this time." The circuit court denied the motion. At the close of all the evidence, counsel renewed his motion, again alleging that the State had failed to prove all of the elements of either crime. In neither instance did counsel explain which elements had not been proved or why. The court denied appellant's motions, and the jury found appellant guilty of both offenses.

On appeal, appellant contends that the evidence was insufficient to prove beyond a reasonable doubt that she possessed either methamphetamine or drug paraphernalia. Specifically, she argues that this case is a "joint occupancy" case because Celia East and appellant's daughter shared her residence. Thus, she argues, the State was required to prove not only that appellant exercised care, control, and management of the contraband but also that she knew the matter possessed was contraband, citing *Darrough v. State*, 322 Ark. 251, 908 S.W.2d. 325 (1995).

In drug cases, it is not necessary for the State to prove that an accused physically held the contraband, as possession of contraband can be proved by constructive possession, which is the control or right to control the contraband. *Tubbs v. State*, 370 Ark. 47, 50, 257 S.W.3d 47, 50 (2007). Constructive possession can be inferred where the contraband is found in a place immediately and exclusively accessible to the defendant and subject to his control. *Polk v. State*, 348 Ark. 446, 453, 73 S.W.3d 609, 614 (2002). When there is joint occupancy of the

premises where contraband is found, some additional factor must be present linking the accused to the contraband. *Morgan v. State*, 2009 Ark. 257, at 9, 308 S.W.3d 147, 153. In such cases, the State must prove two elements: (1) that the accused exercised care, control, or management over the contraband and (2) that the accused knew the matter possessed was contraband. *Id.* at 9, 308 S.W.3d at 153–54. This control and knowledge can be inferred from the circumstances, such as the proximity of the contraband to the accused, the fact that it is in plain view, and the ownership of the property where the contraband is found. *Id.*

Before we address appellant's argument, we turn to Arkansas Rule of Criminal Procedure 33.1, which requires a motion for directed verdict to specify how the evidence is deficient. Ark. R. Crim. P. 33.1(c) (2014). The motion must be specific enough to apprise the trial court of the particular basis on which the motion is made. *Wallace v. State*, 53 Ark. App. 199, 201, 920 S.W.2d 864, 866 (1996). The reason underlying this rule is that, when specific grounds are stated and the proof is pinpointed, the trial court can either grant the motion or allow the State to reopen its case and supply the missing proof. *Id.* Our law is clear that a party is bound by the scope and nature of his directed-verdict motion and cannot change the grounds on appeal. *Plessy v. State*, 2012 Ark. App. 74, at 3–4, 388 S.W.3d 509, 513.

Here, appellant moved for a directed verdict, stating that the elements of possession of drug paraphernalia and possession of a controlled substance had not been proved. Counsel never mentioned that he believed this was a joint-occupancy situation or that those additional required elements had not been shown. Because appellant did not specify the deficiency in

SLIP OPINION

the State's proof, she did not preserve her sufficiency challenge for appellate review.

However, even were we to consider the merits of appellant's argument, we would affirm. A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Jackson v. State*, 375 Ark. 321, 324–25, 290 S.W.3d 574, 577 (2009). The test for determining sufficiency of the evidence is whether there is substantial evidence, direct or circumstantial, to support the verdict. *Johnson v. State*, 337 Ark. 196, 202, 987 S.W.2d 694, 697 (1999). Evidence is substantial if it is forceful enough to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *Harmon v. State*, 340 Ark. 18, 22, 8 S.W.3d 472, 474 (2000). On appeal, we consider only the evidence that supports the verdict, viewing the evidence in the light most favorable to the State. *LeFever v. State*, 91 Ark. App. 86, 89, 208 S.W.3d 812, 815 (2005). We do not weigh the evidence presented at trial, as that is a matter for the fact-finder. *Freeman v. State*, 331 Ark. 130, 133, 959 S.W.2d 400, 401 (1998). Witness credibility is an issue for the fact-finder, who is free to believe all or a portion of any witness's testimony and whose duty it is to resolve questions of conflicting testimony and inconsistent evidence. *LeFever*, 91 Ark. App. at 89, 208 S.W.3d at 815.

The evidence here did not indicate that this was a joint-possession case. Appellant testified that she owned the house and that she was the only person living in the home. When the warrant was executed, appellant was alone in the home with her two young grandchildren. Neither Celia East nor appellant's daughter was present. Appellant testified that her daughter occasionally stayed overnight with her, but appellant also insisted that the drugs and drug paraphernalia did not belong to her daughter. And her daughter testified that she had

never seen methamphetamine in the home. Moreover, although appellant testified at trial that Celia had unfettered access to her home, appellant told an officer on the night of the search that the master bedroom, where methamphetamine and drug paraphernalia were found, was her room and she admitted in her statement that she used methamphetamine and that she knew how much methamphetamine was in the laundry room. Credibility is an issue for the fact-finder, who is free to believe all or a portion of any witness's testimony. *LeFever*, 91 Ark. App. at 89, 208 S.W.3d at 815. Thus, considering only the evidence that supports the verdict and viewing it in the light most favorable to the State, we hold that there was substantial evidence that appellant exercised care, control, or management over the contraband and that she knew the matter possessed was contraband.

Affirmed.

KINARD and HIXSON, JJ., agree.

*James Law Firm*, by: *William O. "Bill" James, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.