

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-16-382

| | |
|---|---|
| BRENDA MAE SZCZERBA<br>APPELLANT | **Opinion Delivered:** January 25, 2017 |
| V. | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NOS. 66CR-15-166, 66CR-15-172, and 66CR-15-173] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE STEPHEN TABOR, JUDGE |
| | AFFIRMED; REMANDED FOR CORRECTION OF SENTENCING ORDER |

### RITA W. GRUBER, Chief Judge

Brenda Mae Szczerba appeals her convictions for possessing methamphetamine with purpose to deliver, possessing drug paraphernalia, maintaining a premises for drug activity, and possessing hydrocodone. These and other charges were filed against her after police executed a search warrant at a Fort Smith residence where a confidential informant had bought methamphetamine in controlled buys that took place on February 12 and 18, 2015. On appeal, Szczerba challenges the sufficiency of the evidence to support her convictions. She argues that there was insufficient evidence showing that she was in a position to exercise dominion and control over the premises, the residence, and the drugs and paraphernalia that were found in the residence. We affirm.

Before we address the merits of Szczerba's appeal, we discuss a scrivener's error in the

SLIP OPINION

sentencing order on one of the charges. We note that the jury verdict forms reflect a finding of "guilty of possessing drug paraphernalia" and a sentence recommendation of five years' imprisonment for the conviction, and that the court pronounced in open court, "On the charge of possession of the drug paraphernalia, you are hereby sentenced to a term of five years in the Department of Correction." However, the sentencing order incongruously shows that Szczerba was "acquitted" of the offense and was sentenced to 60 months' imprisonment for it. We remand to the circuit court for correction of the sentencing order, which should reflect a conviction for possession of drug paraphernalia.

We now address Szczerba's challenge to the sufficiency of the evidence. The jury found her not guilty of delivering methamphetamine on February 12, 2016, and not guilty of possessing oxycodone on February 18, 2016, but guilty of the other February 18 offenses—possessing methamphetamine with the purpose to deliver, possessing drug paraphernalia, maintaining a premises for drug activity, possessing hydrocodone, and delivery of methamphetamine. She was sentenced to concurrent prison terms totaling 72 months' imprisonment in the Arkansas Department of Correction. She appeals all convictions except the delivery of methamphetamine on February 18, which she asserts she delivered on her daughter's behalf.

Szczerba moved for a directed verdict at the conclusion of the State's case. She made the following argument to the circuit court:

> On the . . . deliveries, . . . the 18th, there's been nothing presented to show that my client knew that this was methamphetamine she was handling or knew that it was a controlled substance. The testimony was that they were after her daughter [Jessica Campbell] and so nothing to show that she was aware of that and the State is

 

asking the jury and would ask you to speculate as to that.

As to the maintaining drug premises, there's been no testimony presented to show that my client is in a position to exercise dominion and control over the residence. I asked who, who's got the fingers on it. The utilities are in Jessica Campbell's name. They couldn't tell us who rented the apartment. The fact that Laura Bair [of the Sebastian County Detention Center] . . . said, she told me at the jail when I booked her in that she lived here, that still doesn't show that she was in a position to exercise dominion and control. The State is asking you to speculate.

We have plenty of case law out there that there's got to be more than that in a joint occupancy case. I am thinking specifically about the *Ravellette* case and the *Osborne* case from back in the 70's. There are cases which talk about you've got to have more than joint occupancy to show that she was in a position to exercise dominion and control. I asked whose bedroom is this file cabinet in where they found a lot of the stuff. They can't tell me.

And, then they say, well, we found a key in a purse. There's no telling what that means. That doesn't mean that she had used that key or even knew what that key was for. They are asking you to speculate.

I would say that when you look at all the drugs found in the house and everything else like that and Detective Baker talked about he had to get in there and look up high and where the stuff was stuck up above the light, out of normal sight, again, she's not in a position to exercise dominion and control.

Szczerba renewed her motion and argument after the defense rested without putting on a case. Each time, the circuit court denied the motion.

Szczerba argues on appeal that there was no proof she knew about contraband other than the methamphetamine that she delivered on her daughter's behalf. Szczerba notes a lack of evidence about which room she lived in or whose name was on the lease. She points to evidence that the utilities were in the name of her daughter, the controlled substances were not in plain sight, and the contraband in the file cabinet was locked up; and she argues that nothing showed a file-cabinet key, which was found in a purse with her ID, to be the sole

key; nothing showed that she had ever used the key; no one identified the handwriting on an alleged drug ledger that was introduced into evidence; no witness testified about who was home on the day of the first sale; and police did not dispute that her daughter had taken a child to Arkansas Children's Hospital in Little Rock on the day of the second sale and search.

A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Scott v. State*, 2015 Ark. App. 504, at 5, 471 S.W.3d 236, 239. The test for determining sufficiency of the evidence is whether there is substantial evidence, direct or circumstantial, to support the verdict. *Id.* Evidence is substantial if it is forceful enough to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *Id.* On appeal, we do not weigh the evidence presented at trial, as that is a matter for the fact-finder; viewing the evidence in the light most favorable to the State, we consider only the evidence that supports the verdict. *Id.* Witness credibility is an issue for the fact-finder, who is free to believe all or a portion of any witness's testimony and whose duty it is to resolve questions of conflicting testimony and inconsistent evidence. *Clark v. State*, 2015 Ark. App. 679, at 3, 477 S.W.3d 544, 547.

Members of the Fort Smith Police Department (FSPD) testified at trial about undercover attempts to purchase methamphetamine from Justin Parker and to find Parker's source. As part of a drug investigation, Detectives Greg Napier and Eric Fairless put together controlled buys. On two occasions, a confidential informant (CI) was given "buy money" and each time went to a house at 2804 Phoenix. On February 12, 2015, he returned with a small Ziploc bag containing a white substance that field-tested positive for

SLIP OPINION

methamphetamine; a vehicle with tags registered to Szczerba was parked in the driveway of 2804 Phoenix on that date. On February 18, 2016, the CI was given $240 for the controlled buy and was taken again to the same house; he returned with two Ziploc bags with a white crystal substance, which were field-tested and determined to be methamphetamine. On February 18, after the second controlled buy, Detective Napier obtained a search warrant for the residence. Officers knocked on the door but got no answer; they entered the residence and found Szczerba there alone. Detective Napier found hundreds of small Ziploc bags of various sizes in the laundry room—bags that were similar to those found in other drug-sale investigations. Reading from his report, Detective Napier testified: "[Parker] said he got meth numerous times from Jessica and two times from Brenda. That would have been on the 12th and then on the 18th when he was interviewed. He had been going to deal with Jessica."

Ray Whitson, also of the FSPD, was present for the February 18 controlled buy and assisted with the execution of the search warrant. He located the following items in the residence: $24 in a recliner; in a hall closet, a styrofoam cup containing pills and a Ziploc bag containing pills; and $440, including the $240 previously provided to the CI, in a coat that was hanging up.

Danny Baker assisted in the investigation and searched the residence; he found 10 white pills on top of a linen-closet doorframe and 3 yellow pills in a coffee cup on a shelf. Scott Campbell, who also assisted in the search, found a purse next to a recliner in the living room; the purse contained Szczerba's ID and a key that fit the file cabinet in another room.

SLIP OPINION

Several items of drug paraphernalia were found in the file cabinet: 32 separate bags of suspected methamphetamine bundled into three rubber-banded groups; a black zipper case containing a glass pipe, a measuring spoon, and multiple black bags; one small bag containing methamphetamine; digital scales disguised to look like an iPhone; white oblong pills in a yellow zip-top bag; an envelope containing $300; and another $1400. Included with this money was $200 that matched money from one of the controlled buys. A piece of paper containing names and phone numbers was also found in the living room. Campbell explained that such papers were commonly found in narcotics investigations and often tracked a source or customers for the source.

Detective Napier testified that 16 grams of methamphetamine had been found on February 18. He said that this was "a substantial amount . . . a lot . . . already weighed out . . . ready for sale," which indicated to him "a business, not just somebody supporting a habit." At booking in the Sebastian County Detention Center, Szczerba gave her address as 2804 Phoenix.

Claire Putt, a forensic chemist from the Arkansas State Crime Lab, testified regarding 32 Ziploc bags from the residence that contained an off-white crystalline substance: seven of them tested positive for methamphetamine, with a gross weight of 63.5084 grams, and another exhibit with positive methamphetamine results weighed 2.8559 grams. Tablets she tested were hydrocodone-acetaminophen, with a weight of 4.2274 grams.

In drug cases, it is not necessary that the State prove literal, physical possession of the contraband; possession of contraband can be proved by constructive possession, which is the

SLIP OPINION

control or right to control the contraband. *Tubbs v. State*, 370 Ark. 47, 50, 257 S.W.3d 47, 50 (2007); *Matlock v. State*, 2015 Ark. App. 65, at 5, 454 S.W.3d 776, 781. Constructive possession may be established by circumstantial evidence. *Id*. Evidence is substantial when it is forceful enough to compel a conclusion and goes beyond mere speculation or conjecture. *Id*. at 4, 454 S.W.3d at 780.

Constructive possession can be inferred where the contraband is found in a place immediately and exclusively accessible to the defendant and subject to his control. *Scott*, 2015 Ark. App. 504, at 3, 471 S.W.3d at 238. When there is joint occupancy of the premises where the contraband is found, some additional factor must be present to link the accused to the contraband. *Id*. In such cases, the State must prove two elements: (1) that the accused exercised care, control, or management over the contraband and (2) that the accused knew the matter possessed was contraband. *Id*. This control and knowledge can be inferred from circumstances such as the proximity of the contraband to the accused, the fact that the contraband is in plain view, and ownership of the property where the contraband is found. *Scott*, 2015 Ark. App. 504, at 3, 471 S.W.3d at 238–39.

Szczerba likens the facts in this case to those in *Cooper v. State*, 84 Ark. App. 342, 346, 141 S.W.3d 7, 10 (2004), where we held that the State had not proved additional factors linking appellant to a methamphetamine lab in the locked basement of the house where he was living. In *Cooper*, there was no evidence that appellant had ever been seen in the proximity of the basement, that he had a key to the lock on the basement door, or that his bedroom contained any contraband; further, there was evidence that another person had a key

7

to the basement lock and had been seen coming to and going from the house.

We agree with the State that the evidence in the present case is distinguishable. The key in Szczerba's purse gave her access to the locked file cabinet in the house where officers found her alone on the date of the second controlled buy, and she gave her address at booking as 2804 Phoenix. Detective Napier testified that in the residence was a substantial amount of methamphetamine, already weighed out and packaged, indicative of a business. We hold that there was substantial evidence that Szczerba exercised dominion and control over the drugs in the residence and that she possessed methamphetamine with intent to deliver.

There was also substantial evidence that Szczerba possessed drug paraphernalia. She was the only person in the residence when the search warrant was executed, a key to the file cabinet was in her purse by the recliner, and—as recounted earlier in our summary of the evidence—there were numerous items of drug paraphernalia in the file cabinet. The evidence viewed in the light most favorable to the State constitutes substantial evidence that Szczerba exercised the necessary knowledge, care, control, and management over the contraband found at 2804 Phoenix to establish that she constructively possessed drug paraphernalia.

We also hold that the State presented substantial evidence that Szczerba sold methamphetamine from the house and stored illegal substances there. It is unlawful for any person to knowingly keep or "maintain any store, shop, warehouse, dwelling, building, or other structure or place or premise that is resorted to by a person for the purpose of using or obtaining a controlled substance . . . ." Ark. Code Ann. § 5-64-402(a)(2) (Repl. 2016). Szczerba's vehicle was parked at 2804 Phoenix on the date of the first buy, and she was alone

in the residence when the search warrant was executed after the second buy. As previously discussed in this opinion, there was evidence that she constructively possessed the drug paraphernalia in the file cabinet, there was evidence of a "substantial amount" of methamphetamine already weighed and packaged, and the CI identified her as his source. Thus, substantial evidence supports Szczerba's conviction for maintaining the residence as a drug premises.

Finally, Szczerba argues that she lacked knowledge about any of the contraband other than the methamphetamine that she delivered. Again, there was substantial evidence that she exercised dominion and control over the residence and its contents—which included the pills that tested positive for hydrocodone-acetaminophen. This constituted evidence of sufficient force to compel the jury's conclusion, without resorting to speculation or conjecture, that she possessed hydrocodone.

Affirmed; remanded for correction of sentencing order.

GLADWIN and BROWN, JJ., agree.

*David Dunagin*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Ashley Priest*, Ass't Att'y Gen., for appellee.