Cite as 2020 Ark. App. 58

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-19-496

|  |  |
|---|---|
| | **Opinion Delivered** January 29, 2020 |
| ROBERT MOTEN | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT |
| APPELLANT | [NO. 30CR-17-293] |
| V. | HONORABLE CHRIS E WILLIAMS, JUDGE |
| STATE OF ARKANSAS | AFFIRMED |
| APPELLEE | |

## LARRY D. VAUGHT, Judge

Robert Moten appeals his conviction by a Hot Spring County Circuit Court jury of one count of possession of less than two grams of cocaine in violation of Arkansas Code Annotated section 5-64-419(b)(1)(A) (Repl. 2016). Because the violation occurred while Moten was an inmate in a criminal detention facility, the penalty for the offense was increased pursuant to Arkansas Code Annotated section 5-64-419(c), and Moten was convicted of a Class C felony. On appeal, Moten challenges the sufficiency of the evidence against him. We affirm his conviction.

On May 22, 2017, at the Ouachita River Correctional Unit of the Arkansas Department of Correction, officers conducted a targeted search of Moten's cell. They discovered cocaine hidden inside a package of ramen noodles in a lockbox assigned to Moten. The lockbox was located on the wall inside his cell and only Moten had a key to the box.

Lieutenant Adam Clark testified that upon discovering a substance that he suspected to be cocaine, he performed a field test that was positive for cocaine. The substance was then sent to the Arkansas State Crime Laboratory, where it was determined to be less than two grams of cocaine.

Moten's cellmate, Drake Rickerson, testified that he was assigned a separate lockbox with a different key. There was conflicting testimony about whether Rickerson was present in the cell at the time of the search; Rickerson testified that he was present during the search, and Lieutenant Clark testified that Moten was alone in the cell. While Rickerson testified that he and others had access to Moten's lockbox, he denied that the cocaine belonged to him.

The jury found Moten guilty and sentenced him to six years' imprisonment and a $1,000 fine. Moten filed a timely notice of appeal, and he has raised only one argument for reversal: the State introduced insufficient evidence to establish constructive possession of the cocaine discovered in his lockbox.

On appellate review of the sufficiency of the evidence, the court seeks to determine whether the verdict is supported by substantial evidence. *Ashe v. State*, 57 Ark. App. 99, 942 S.W.2d 267 (1997). In *Jones v. State*, 269 Ark. 119, 598 S.W.2d 748 (1980), the court held that substantial evidence, whether direct or circumstantial, must be of "sufficient force and character that it will, with reasonable and material certainty and precision, compel a conclusion one way or the other." *Id.* at 120, 598 S.W.2d at 749 (citing *Pickens-Bond Constr. Co. v. Case*, 266 Ark. 323, 330, 584 S.W.2d 21, 25 (1979)). On appeal, the evidence is viewed in the light most favorable to the jury's verdict, and only the evidence supporting the verdict will be considered. *Szczerba v. State*, 2017 Ark. App. 27, at 4, 511 S.W.3d 360, 364.

Constructive possession can be inferred when the contraband is found in a place immediately and exclusively accessible to the defendant and subject to the defendant's control. *Franklin v. State*, 60 Ark. App. 198, 201, 962 S.W.2d 370, 372 (1998). Constructive possession can also be inferred when the contraband is in the joint control of the accused and another. *Id.* However, joint occupancy alone is not sufficient to establish possession or joint possession; there must be some additional factor linking the accused to the contraband. *Id.* In such cases, the State must prove that the accused exercised care, control, and management over the contraband and that the accused knew the matter possessed was contraband. *Id.* Control over the contraband can be inferred from the circumstances, such as the proximity of the contraband to the accused, the fact that it is in plain view, and the ownership of the property where the contraband is found. *Nichols v. State*, 306 Ark. 417, 420, 815 S.W.2d 382, 384 (1991). Furthermore, jurors do not and need not view each fact in isolation but rather may consider the evidence as a whole. *Bridges v. State*, 46 Ark. App. 198, 202, 878 S.W.2d 781, 784 (1994). Jurors are also entitled to draw any reasonable inference from circumstantial evidence to the same extent that they can from direct evidence. *Shipley v. State*, 25 Ark. App. 262, 267, 757 S.W.2d 178, 181 (1988).

We are satisfied that the evidence was sufficient to establish Moten's constructive possession of the cocaine. Lieutenant Clark testified that Moten was alone and sleeping in his cell when the officers began the search. The cocaine was found in the lockbox belonging to Moten and for which only Moten had a key. While Moten argued that Rickerson's testimony was sufficient to establish that both men had access to the lockbox, the jury was not required to believe Rickerson, especially since his testimony contradicted that of Lieutenant Clark.

Moreover, even if both men had access to the lockbox, there was sufficient evidence to establish Moten's constructive possession based on joint occupancy. Moten was asleep in close proximity to the contraband and exercised dominion and control over the lockbox in which it was found. This case is similar to *Szczerba*, in which we affirmed the sufficiency of evidence establishing constructive possession of drugs and paraphernalia because the evidence showed that the defendant possessed the key to a filing cabinet in which the contraband was found. *Szczerba*, 2017 Ark. App. 27, 511 S.W.3d 360.

Affirmed.

KLAPPENBACH and HIXSON, JJ., agree.

*The Hudson Law Firm, PLLC*, by: *Grace Casteel*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.

4