Cite as 2020 Ark. App. 473

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CR–20–22

| | |
|---|---|
| HARRELL M. MCKINNEY<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** October 21, 2020<br><br>APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT<br>[NO. 43CR-17-417]<br><br>HONORABLE JASON ASHLEY PARKER, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

**RITA W. GRUBER, Chief Judge**

The Lonoke County Circuit Court revoked Harrell McKinney's probation and sentenced him to three years' imprisonment plus three years' suspended imposition of sentence. Pursuant to Arkansas Supreme Court Rule 4-3(k) and *Anders v. California*, 386 U.S. 738 (1967), appellant's counsel has filed a motion to withdraw, stating that there is no merit to an appeal. The motion is accompanied by an abstract and addendum of the proceedings below and a brief in which counsel explains why there is nothing in the record that would support an appeal. The clerk of this court served appellant with a copy of counsel's brief and notified him of his right to file a pro se statement of points for reversal within thirty days, but he has not done so. We affirm the revocation and grant counsel's motion to withdraw.

On October 16, 2017, appellant Harrell McKinney entered a plea of guilty to possession of a firearm by certain persons, possession of drug paraphernalia, and drinking in public and was sentenced to four years' probation. On July 25, 2018, the State filed a petition to revoke

appellant's probation alleging that he violated the conditions thereof by testing positive for amphetamines; failing to report; failing to pay supervision fees; and failing to pay court-ordered fines, fees, and costs.

At a revocation hearing held on November 1, 2019, Sabrina Taylor, appellant's probation officer, testified that appellant had tested positive for amphetamines on April 6, 2018. She said that he had failed to report on July 10 as ordered and that he had not reported since April 6. Ms. Taylor also testified that appellant had not paid the regular monthly probation-supervision fees since March 2018. Finally, she stated that he had provided no proof that he had been paying court-ordered fines and costs.

In a no-merit brief, counsel is required to list each ruling adverse to the defendant and explain why it does not present a meritorious ground for reversal. *Eads v. State*, 74 Ark. App. 363, 365, 47 S.W.3d 918, 919 (2001). After a full examination of the proceedings, we are required to determine whether an appeal would be wholly frivolous. *Tennant v. State*, 2014 Ark. App. 403, at 2, 439 S.W.3d 61, 63. Counsel identifies two objections adverse to appellant in addition to the revocation decision. He has addressed each adverse ruling, arguing that the objections do not have merit and that evidence supported the circuit court's decision to revoke appellant's probation. We agree.

We first address whether the evidence was sufficient to support the revocation. To revoke probation, the State must prove by a preponderance of the evidence that the defendant violated a condition of his or her probation. *Green v. State*, 2010 Ark. App. 174, at 4. The State needs to prove only one violation. *Peals v. State*, 2015 Ark. App. 1, at 4, 453 S.W.3d 151, 154. Here, the undisputed testimony was that appellant tested positive for amphetamines on April 6 in violation of a condition forbidding him from using, selling, distributing, or possessing any

controlled substance. Ms. Taylor also testified that appellant had failed to pay his probation-supervision fees and his fines, fees, and costs. We hold that there would be no merit to an appeal of the sufficiency of the evidence supporting the revocation.

Counsel also addresses two evidentiary rulings. The first was appellant's objection to a two-page document titled "Offender/Payee Account" purporting to be a log of all probation-supervision payments made by appellant. Appellant argued that Ms. Taylor did not create the document, nor was she its custodian, appearing to contest the authenticity of the document. First, the rules of evidence do not apply in revocation proceedings. *Humphrey v. State*, 2015 Ark. App. 179, at 6, 458 S.W.3d 265, 269. Assuming the rules did apply, however, the circuit court did not abuse its discretion by admitting the document when Ms. Taylor testified that she was familiar with the system that produced the document and kept up with these fees through the computer-generated documents like the one introduced in this case. Arkansas Rule of Evidence 901 governing authentication requires evidence "sufficient to support a finding that the matter in question is what its proponent claims." Ark. R. Evid. 901 (2019). Further, any error in the admission of this evidence would be harmless as the document introduced supported only one of the three violations proved in this case. The other two violations did not involve this document, and only one violation is necessary to support revocation.

Finally, counsel addresses an objection made by appellant during Ms. Taylor's testimony regarding sentencing after the court found appellant had violated the conditions of his probation. Appellant objected to Ms. Taylor's opinion regarding whether he would benefit from, or comply with, an outpatient drug-treatment program. Appellant argued that the testimony would be speculation and constitute an "ultimate opinion." He contended that Ms. Taylor was not an expert entitled to give opinion testimony. *But see* Ark. R. Evid. 704

3

(testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact). The court said it would allow the testimony on the basis of Ms. Taylor's observations and "dealings with him." Appellant appeared to withdraw his objection. Ms. Taylor then testified that she believed appellant might benefit from drug treatment but that he had never asked her for assistance in seeking such treatment. Again, although the rules of evidence are not strictly applicable in revocation cases, there would be no merit to an appeal of this evidentiary ruling even if the rules were to apply. Ms. Taylor did not testify as an expert or give her opinion on an ultimate issue. She gave her lay opinion on a treatment option based on her dealings with appellant. The circuit court did not abuse its discretion in allowing the testimony.

From our review of the record and the brief presented to us, we find counsel has complied with Rule 4–3(k) and hold that the appeal is without merit. Accordingly, we grant counsel's motion to withdraw and affirm the revocation.

Affirmed; motion to withdraw granted.

VAUGHT and MURPHY, JJ., agree.

*Robert M. "Robby" Golden*, fore appellant.

One brief only.