Cite as 2021 Ark. App. 135

# ARKANSAS COURT OF APPEALS

DIVISION IV

**No.** CR–20–56

| | |
|---|---|
| BRIAN LAUER | **Opinion Delivered:** March 31, 2021 |
| APPELLANT | |
| | APPEAL FROM THE MILLER |
| V. | COUNTY CIRCUIT COURT |
| | [NO. 46CR-18-278] |
| STATE OF ARKANSAS | |
| APPELLEE | |
| | HONORABLE KIRK JOHNSON, |
| | JUDGE |
| | |
| | AFFIRMED; MOTION TO |
| | WITHDRAW GRANTED |

## BART F. VIRDEN, Judge

This no-merit appeal stems from the Miller County Circuit Court's revocation of Brian Lauer's probation. Our court previously ordered rebriefing in this matter due to counsel's failure to include the original sentencing order in both the record and the addendum.[1] *See Lauer v. State*, 2020 Ark. App. 380. The deficiency has now been corrected.

On April 30, 2018, Lauer was charged with one count of second-degree battery. He pleaded guilty to second-degree battery and was sentenced to six years' suspended imposition of sentence. Lauer was ordered to pay fines, costs, and restitution and to have no contact with the victim. On October 30, 2018, the State filed a petition to revoke Lauer's probation because he failed to pay his court-ordered fines, costs, and fees and failed to report

---

[1]Arkansas Supreme Court Rule 4–2(a)(8) requires that the addendum to a no-merit brief include all documents essential to the appellate court's resolution of the issues on appeal.

to his probation officer and report a change of address. On April 2, 2019, Lauer's probation was, after revocation, reinstated with a sixty-day jail sanction.

On June 10, 2019, the State filed a second petition to revoke Lauer's probation alleging that he had violated the conditions thereof by failing to report for scheduled office visits, provide his probation officer with his address, and pay court-ordered fines, costs, and fees.

At a revocation hearing held on October 1, 2019, Tyshique Meadows, a probation officer with the Department of Community Correction, testified that Lauer had failed to report for scheduled office visits and did not live at the address he provided. She explained that she conducted a home visit at Lauer's last known address, Randy Sams Shelter, and the staff informed her that Lauer did not live there. Meadows explained that Lauer had not paid his fines, costs, and fees as ordered, and when he was offered community service to work off the arrearage, he did not show up. Meadows opined that Lauer would likely violate the terms of his probation again.

Lauer explained that the probation officer had gone to the wrong location to do the residence check, testifying that he lived next door to the location she checked. Regarding his failure to report, Lauer testified that he reported to his probation office, but the officer was not in. He also testified that he was told that he would be doing community service in lieu of fines. Lauer explained that after he was transferred to community service, he filled out monthly reports as directed by someone named Levisar and that "[he had] been reporting to a different officer."

Probation officer Jo Frederickson testified that Lauer violated his probation and opined that it was likely he would continue to do so. Frederickson explained that she had "never had anybody in that office by that name [Levisar]" who was in charge of community service.

The circuit court found that Lauer's testimony was not credible and that he had violated the conditions of his probation by failing to report, giving an incorrect place of residence, and failing to pay his fines or perform community service. The court revoked his probation and sentenced him to six years in the Arkansas Department of Correction.

Pursuant to Arkansas Supreme Court Rule 4–3(k) and *Anders v. California*, 386 U.S. 738 (1967), Lauer's counsel has filed a motion to withdraw stating that there is no merit to an appeal. The motion is accompanied by an abstract and addendum of the proceedings below and a brief in which counsel explains why there is nothing in the record that would support an appeal. The clerk of this court served Lauer with a copy of counsel's brief and notified him of his right to file a pro se statement of points for reversal within thirty days, but he has not done so.

In this case, counsel correctly notes that the only adverse ruling was the revocation of Lauer's probation, and he has adequately explained why there is no merit to an appeal of the decision. To revoke probation, the State must prove by a preponderance of the evidence that the defendant violated a condition of his or her probation. *McKinney v. State*, 2020 Ark. App. 473, 612 S.W.3d 172. The State need only prove one violation. *Peals v. State*, 2015 Ark. App. 1, 453 S.W.3d 151. Here, Officer Meadows testified that Lauer failed to provide

his correct address in violation of a condition of his probation and that he did not report to his probation officer as ordered. Meadows also testified that Lauer failed to pay his probation-supervision fees and his fines, fees, and costs. Though Lauer offered explanations for his failure to comply with the conditions of his probation, the circuit court did not find Lauer's testimony credible, and Frederickson directly contradicted Lauer's testimony regarding the community-service officer he stated that he reported to. We hold that there would be no merit to an appeal of the sufficiency of the evidence supporting the revocation.

From our review of the record and the brief presented to the court, we find compliance with Rule 4–3(k) and hold that the appeal is without merit. We grant counsel's motion to withdraw and affirm the revocation.

Affirmed; motion to withdraw granted.

GLADWIN and WHITEAKER, JJ., agree.

*Phillip A. McGough, P.A.*, by: *Phillip A. McGough*, for appellant.

One brief only.