Cite as 2022 Ark. App. 19

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CR-20-47

| | | |
|---|---|---|
| J.R. | | **Opinion Delivered** January 19, 2022 |
| | APPELLANT | |
| | | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO.63JV-17-323] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE ROBERT HERZFELD, JUDGE |
| | APPELLEE | |
| | | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## BART F. VIRDEN, Judge

The Saline County Circuit Court revoked J.R.'s probation for violating the term of his probation forbidding him from possessing a weapon. J.R.'s counsel filed a motion to be relieved and a brief arguing that there is nothing in the record that would support an appeal. We affirm and grant counsel's motion to withdraw.

On October 3, 2017, the State filed a petition alleging that J.R., a minor, should be adjudicated a juvenile delinquent for committing the offense of second-degree terroristic threatening. The circuit court amended the charge to disorderly conduct, and in the November 27 order, the circuit court adjudicated J.R. delinquent and ordered J.R. to serve forty-eight hours' detention, suspended; perform forty hours of community service; and attend counseling. J.R. was placed on probation for twenty-four months, and ordered to pay fines, fees, and costs. On March 22, 2018, the State filed a petition to revoke J.R.'s

probation, asserting that he violated the rules of probation by skipping school, failing to abide by his curfew, and failing a drug screen. On April 2, 2018, the circuit court ordered J.R. to participate in anger-management counseling; enter and complete CSTP and SAG classes; and continue all previous orders.

On August 8, 2018, the State filed a second petition to revoke, asserting that J.R. had violated the rules of probation when he left home without permission for extended periods of time, took his mother's car without permission, tested positive for THC multiple times, and admitted using marijuana. Additionally, the State alleged that J.R. had refused to give his probation officer the password to his phone and had not completed any community service. On August 15, the court revoked J.R.'s probation, finding that he committed the following offenses: felony residential burglary, misdemeanor theft of property, fleeing and disorderly conduct. The court also found that J.R. had not passed a drug screen since he began probation, and he admitted using marijuana. The circuit court committed him to the Division of Youth Services (DYS) and ordered twelve months' probation upon his release from DYS. J.R. was ordered to follow the DYS after-care plan, if recommended as a part of the treatment plan. The court further ordered that J.R. receive individual and family counseling and anger-management counseling. J.R. was ordered to follow the rules of probation including obeying all laws, not possessing weapons of any kind, and submitting to and passing drug screens.

On September 6, 2019, the State filed a petition to revoke J.R.'s probation. The State alleged that J.R. had been released from DYS custody on April 1, 2019, and in August,

J.R. had been arrested for possessing a handgun on school property and theft by receiving, and he had tested positive for THC.

A hearing was held on October 7. Brandon Balding, a juvenile probation officer with the Saline County Juvenile Office, testified that he had supervised J.R. since April 1, 2019, and that he had gone over the conditions of probation with J.R. Both J.R. and his mother signed and dated each of the probation rules. Balding testified that when J.R. was arrested for possession of handgun on school property and theft by receiving, he filed a petition to revoke. Balding explained that the arrest occurred after J.R. had signed and dated the probation rules.

Monica Wells, an employee of the University of Arkansas Pulaski Tech Adult Education Center, testified that J.R. attended orientation on August 26, 2019, and classes on August 28 and 29. Wells testified that all students are given a handbook that included information regarding weapons on campus. The handbook was admitted as an exhibit. On page 8 of the handbook, students are informed that possession of any "weapons of any description" on the Pulaski Tech campus is prohibited.

Officer Austin Duncan of the Benton Police Department testified that he was called to the Adult Education Center on the Pulaski Tech campus to investigate a report of an armed man on campus. Officer Duncan identified J.R. as the person he encountered and arrested and stated that J.R. had a firearm in his waistband.

Defense counsel moved for a directed verdict on the charge of theft, arguing that the State presented no evidence that the firearm was stolen.[1] The court granted the motion. Counsel moved to dismiss the charge of possession of handgun on school property, arguing that the State did not offer evidence regarding the type of firearm J.R. possessed—namely, any proof that it was a handgun—or evidence that he was on school property. The court granted the motion. Defense counsel did not move to dismiss J.R.'s violation of the conditions of his probation or probation revocation. The court announced that it found J.R. had violated the terms of his probation by possessing a weapon and committed him to DYS.

The argument section of a no-merit brief "consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal." Ark. Sup. Ct. R. 4-3(k)(1); *see Anders v. California*, 386 U.S. 738 (1967). The rule requires that the abstract and addendum of a no-merit brief contain, in addition to the other material parts of the record, all rulings adverse to the defendant made by the circuit court. Ark. Sup. Ct. R. 4-3(k)(1). The test is not whether counsel thinks the circuit court committed no reversible error but whether the points to be raised on appeal would be wholly frivolous. *Anders*, 386 U.S. at 744. Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *Anders*, 386 U.S. at 744.

---

[1]In a civil bench trial, we treat a defendant's motion for "directed verdict" as a motion to dismiss. *Phillips v. Denton*, 2018 Ark. App. 90, 543 S.W.3d 508.

In this no-merit appeal, J.R.'s counsel's brief abstracts and discusses the only adverse ruling, which was the circuit court's decision to revoke J.R.'s probation. To revoke probation, the State must prove by a preponderance of the evidence that the defendant violated a condition of his or her probation. *McKinney v. State*, 2020 Ark. App. 473, at 2, 612 S.W.3d 172, 174. The State need only prove one violation. *Id.*

J.R.'s probation was revoked for possessing a weapon in violation of condition 4 of his probation. In the case at bar, J.R.'s juvenile probation officer testified that reviewed the rules of probation with J.R. before he was arrested for possession of a handgun on school property. Officer Duncan testified that when he encountered J.R., the juvenile had a firearm in his waistband; thus, substantial evidence supports the circuit court's delinquency finding based on possession of a weapon.

Accordingly, having reviewed the record and counsel's brief, we hold that counsel has complied with the requirements of *Anders* and Arkansas Supreme Court Rule 4–3(k)(1) and that the appeal has no merit. We therefore affirm the revocation and grant counsel's motion to be relieved.

Affirmed; motion to withdraw granted.

ABRAMSON and KLAPPENBACH, JJ., agree.

*Jones Law Firm*, by: *F. Parker Jones III*, for appellant.

One brief only.