Cite as 2024 Ark. App. 425

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CR-24-9

| | |
|---|---|
| JAMIE PASSMORE <br><br> **APPELLANT** <br><br> V. <br><br> STATE OF ARKANSAS <br><br> **APPELLEE** | Opinion Delivered September 18, 2024 <br><br> APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT [NO. 16JCR-20-476] <br><br> HONORABLE CHRIS THYER, JUDGE <br><br> AFFIRMED |

**ROBERT J. GLADWIN, Judge**

This is an appeal from the Craighead County Circuit Court's revocation of appellant Jamie Passmore's ("Passmore's") probation. After revoking his probation, the circuit court sentenced Passmore to four years' imprisonment in the Arkansas Division of Community Correction to be followed by two years' suspended imposition of sentence ("SIS"). Passmore argues on appeal that the circuit court erred by denying her motion for directed verdict because there was insufficient evidence to connect the new charges alleged in the revocation to her because there were other individuals in proximity to the contraband. We affirm.[1]

---

[1]We note that Passmore's statement of the case and facts does not meet the requirements set out in Arkansas Supreme Court Rule 4-2(a)(6) (2023), which provides that the appellant's brief "shall contain a concise statement of the case and the facts without argument" and "shall identify and discuss all material factual and procedural information contained in the record on appeal." Here, the statement of the case consists of one paragraph stating that Passmore was charged, pled guilty, and sentenced to probation, which was

I.  *Background Facts*

On July 16, 2021, Passmore entered a negotiated plea of guilty to possession of drug

paraphernalia with the purpose to use it to "inject, ingest, inhale" or otherwise consume a

controlled substance. As a result, the circuit court ordered her to serve three years' probation.

On May 10, 2023, the State filed a petition to revoke Passmore's probation, alleging

that she "failed to live a law-abiding life, to be of good behavior, and not violate any federal,

state, or municipal laws." The petition further alleged that "on or about April 12, 2023,

[Passmore] was in possession of [methamphetamine] and drug paraphernalia including a

glass

pipe and a water bong." On August 18, 2023, the State filed a supplemental petition for

revocation alleging additional drug offenses and that Passmore had failed to pay court costs

and was behind in paying her supervision fees.

The circuit court held the revocation hearing on September 14, 2023.  Officer Zach

Williamson ("Officer Williamson") with the Jonesboro Police Department testified that on

April 12, 2023, he responded to a call of a woman in mental distress, and when he made

contact with the woman she "advised that she wanted to leave the residence and go to an

address [on] Allen Street."  Officer Williamson testified that he recognized the address on

Allen Street because its owner had been recently placed into custody and had requested that

---

subsequently revoked. Rule 4-2(b) allows an appellee's brief to supplement an insufficient
statement of the case, which the State did in this case. While we are not ordering rebriefing
*this time* because it is not in the interest of judicial economy to do so, we strongly caution the
parties to read the rules applicable to appeals and follow them to avoid a rebriefing order.

"there be nobody at that residence." The officer drove the woman to the house on Allen Street, and there he made contact with Passmore, who answered the door of the residence. Officer Williamson testified that Passmore "advised that she had been staying at that address for the past week or so" because her known address did not have water. Passmore also told Officer Williamson that she was on probation.

Officer Williamson testified that he then called Passmore's probation officer, who "advised that since [Passmore's] residence did not have water, it was technically not a livable residence, which would make [Allen Street] her legal residence at that point." The probation officer also informed Officer Williamson that Passmore had a search waiver on file. Accordingly, Officer Williamson conducted a probation search of the Allen Street residence. Officer Williamson testified that during the search, the only other individual in the house was a male teenager. The common areas of the residence were searched as well as the back bedroom. Officer Williamson testified that they searched the back bedroom because the juvenile told them that Passmore had been staying in the back bedroom. Passmore testified that she primarily stayed in the living room.

On a shelf in the back bedroom, officers located a black container, and inside the container was a small bag with a "white, crystal substance" and a "methamphetamine pipe with residue inside of it." A field test was conducted and confirmed that the crystal substance and pipe residue was methamphetamine. In the bedroom, Officer Williamson also found a "water bong used for smoking marijuana." As a result, Passmore was placed into custody

and charged with the offenses of misdemeanor possession of drug paraphernalia, possession of drug paraphernalia, and possession of less than two grams of methamphetamine.

At the revocation hearing, Passmore testified that she went to the Allen Street residence "to see [her] grandkids and [her] son-in-law," and when Officer Williamson arrived, there were five adults present as well as Passmore's son and her grandchildren. She explained that her boyfriend—Philip Hanley—owns the Allen Street residence but that Scott Ballenger ("Ballenger") was living in the house while Mr. Hanley is in prison. Passmore alleged that Ballenger was lying on the couch when Officer Williamson arrived. Passmore acknowledged that Ballenger had previously been involved in drugs, and she testified further that "there [were] four adults in the back bedroom when the police went inside the house." Passmore denied having told Officer Williamson that she had been staying at Allen Street for a week or that her legal residence did not have water. According to Passmore, she had not been "doing any drugs in the house," and she was in only the living room with her son and her grandchildren while the other adults were in the back bedroom. Passmore did acknowledge, however, that a term and condition of her probation was that she not associate with individuals involved with drug activities or convicted felons.

Defense counsel moved for a dismissal of the revocation petition at the close of all the evidence, arguing that the State failed to prove by a preponderance of the evidence that the methamphetamine and drug paraphernalia belonged to Passmore. The circuit court denied the motion, finding that Passmore had inexcusably violated the terms and conditions of her probation. Specifically, the court found Officer Williamson's testimony "very

4

credible" and further stated, "I don't believe your client," and held that Passmore's testimony was not credible. Accordingly, the court held that "there was certainly constructive possession" by Passmore in light of Officer Williamson's testimony.

On September 19, 2023, the circuit court entered an order revoking Passmore's probation and sentenced her to four years' imprisonment followed by two years' SIS. Passmore filed a timely notice of appeal; this appeal followed.

## II. *Standard of Review*

In a revocation proceeding, the circuit court must find by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his or her suspension or probation, and on appellate review, we do not reverse the circuit court's decision unless it is clearly against the preponderance of the evidence. *Flemons v. State*, 2014 Ark. App. 131; Ark. Code Ann. § 16-93-308(d) (Supp. 2023). Because the burdens are different, evidence that is insufficient for a criminal conviction may be sufficient for a probation or suspended-sentence revocation. *Bradley v. State*, 347 Ark. 518, 65 S.W.3d 874 (2002). Circumstantial evidence may be sufficient to warrant revocation. *See Needham v. State*, 270 Ark. 131, 640 S.W.2d 118 (Ark. App. 1980).

Appellate courts review the sufficiency of the evidence supporting a revocation by viewing the evidence in the light most favorable to the State. *See, e.g., Sisk v. State*, 81 Ark. App. 276, 280, 101 S.W.3d 248, 251 (2003). Since the determination of a preponderance of the evidence turns on questions of credibility and weight to be given testimony, we defer

5

to the circuit court's superior position. *Turner v. State*, 2019 Ark. App. 534, at 4, 590 S.W.3d 158, 161.

### III. *Discussion*

For her sole point on appeal, Passmore argues that the circuit court erred by denying her motion for directed verdict. Specifically, Passmore contends that the State failed to prove by a preponderance of the evidence that she possessed the contraband because other individuals had access to the methamphetamine and drug paraphernalia found during the search of the residence. In response, the State maintains that a preponderance of the evidence supports the circuit court's finding that Passmore had knowledge and control of the contraband, and this court should defer to the circuit court's determination that Officer Williamson was the more credible witness.

In drug cases, it is not necessary that the State prove literal, physical possession of the contraband; possession of contraband can be proved by constructive possession, which is the control or right to control the contraband. *Szczerba v. State*, 2017 Ark. App. 27, at 6–7, 511 S.W.3d 360, 365. Constructive possession may be established by circumstantial evidence. *Id.* at 7, 511 S.W.3d at 365. Constructive possession can be inferred where the contraband is found in a place immediately and exclusively accessible to the defendant and subject to his or her control. *Id.* The improbable nature of the accused's explanations can also be considered a sufficient linking factor to support constructive possession *Terry v. State*, 2018 Ark. App. 435, at 5, 559 S.W.3d 301, 304.

Constructive possession may also be inferred when the contraband is in the joint control of the defendant and another person. *Palmer v. State*, 2023 Ark. App. 178, 663 S.W.3d 436. In joint-occupancy cases, the State must prove two elements: (1) that the accused exercised care, control, or management over the contraband and (2) that the accused knew the matter possessed was contraband. *Szczerba*, 2017 Ark. App. 27, at 7, 511 S.W.3d at 365. Additionally, when there is joint occupancy of the premises where the contraband is found, some additional factor must be present to link the accused to the contraband. *Id.* This control and knowledge can be inferred from circumstances, such as the proximity of the contraband to the accused, whether the contraband was in plain view, and ownership of the property where the contraband is found. *Id.* Control can also be inferred from the accused's suspicious behavior as well as "the improbability that anyone other than the defendant placed the contraband in the location and the improbable nature of the defendant's explanations." *Block v. State*, 2015 Ark. App. 83, at 6, 455 S.W.3d 336, 340 (internal citations omitted).

Applying these principles, we hold that the circuit court did not err in finding that Passmore constructively possessed the contraband and thus violated a condition of her probation. Officer Williamson testified that Passmore answered the door to the Allen Street residence and told him that she had been living there for approximately one week because the water at her legal residence had been disconnected; the Allen Street residence was owned by Passmore's boyfriend, who was currently incarcerated; Passmore and a teenage male were the only people present when he arrived at the residence; and the teenager stated that

7

Passmore used the bedroom where the contraband was located. Furthermore, the methamphetamine and drug paraphernalia were located in plain sight, and the circuit court did not believe Passmore's testimony, which almost entirely contradicted the testimony of Officer Williamson.

## IV. *Conclusion*

Therefore, in light of the lesser burden of proof required in revocation hearings, the evidence presented, and the circuit court's credibility determinations, we affirm the circuit court's revocation of Passmore's probation.

Affirmed.

VIRDEN and MURPHY, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.