Cite as 2026 Ark. App. 179

# ARKANSAS COURT OF APPEALS
## DIVISION III
No. CR-25-447

| | | |
|---|---|---|
| CHRISTA CRAIG | | Opinion Delivered  March 11, 2026 |
| | APPELLANT | APPEAL FROM THE MONTGOMERY COUNTY CIRCUIT COURT [NOS. 49CR-23-57, 49CR-24-16] |
| V. | | |
| | | HONORABLE ANDY RINER, JUDGE |
| STATE OF ARKANSAS | | AFFIRMED |
| | APPELLEE | |

**MIKE MURPHY, Judge**

The Montgomery County Circuit Court revoked appellant Christa Craig's probation and sentenced her to five years' imprisonment. On appeal, Craig challenges the sufficiency of the evidence supporting the revocation. We affirm.

In April 2024, Craig pleaded guilty to nonfinancial identity fraud and failure to appear (cases Nos. 49CR-23-57 & 49CR-24-16). She was sentenced to forty-eight months' supervised probation, with the first 120 days to be served in a Community Correction Center (CCC).

On January 6, 2025, the State petitioned to revoke Craig's probation due to several alleged violations: failure to report, failure to report change of address, failure to pay supervision fees, and failure to pay toward fines and court costs. A revocation hearing was held on April 4, 2025, and established the following.

Probation Officer Howard Watts testified that Craig was sentenced to "probation plus," which is probation preceded by a term of imprisonment in the CCC. After her release from the CCC on September 26, 2024, she contacted the Mena probation office and was instructed to report the following day. She did not report. Watts conducted a home visit to Craig's address in Mount Ida on December 13, 2024, and no one answered the door. He left a card on the door instructing her to report to the Mena office the following Monday, December 16. She again failed to report.

Watts did not see Craig until she appeared in court for her first appearance on the revocation petition on January 17, 2025. Watts asked her to remain in the lobby after court so they could have an office visit, but Craig left without doing so. Craig did not complete an official visit with Watts until March 11, just a few weeks before her revocation hearing. By the time of her hearing, Craig had made no payments towards her fines, fees, and costs, although by the date of the hearing, she had caught up and owed only the current month's $35 supervision fee.

Craig testified that she did appear at the Mena probation office on September 27, 2024, but the front-desk staff told her that Watts had already left for the day and would contact her. She offered no explanation for why she failed to follow up with Watts at any time during the next four months. She also stated that although she was able to work, she made no payments toward her financial obligations because she never received the "packet" explaining how to make those payments. Craig acknowledged, however, that she received and signed the order of adjudication and probation in court. She admitted she knew she

had been placed on probation but claimed she was unaware of the specific terms and conditions, believing she was doing everything required of her.

Craig's mother, Belen Mena, testified that Craig was living with and helping take care of her after her surgery during the probationary period.

The court found from the above facts that Craig violated her probation by failing to report as directed and failing to pay her fines, fees, and costs, and it sentenced her to five years' imprisonment. This appeal followed.

To revoke probation, the burden is on the State to prove the violation of a condition of the probation by a preponderance of the evidence. *Jones v. State*, 355 Ark. 630, 144 S.W.3d 254 (2004). Because the burden of proof is by a preponderance of the evidence rather than beyond a reasonable doubt, evidence that is insufficient to support a criminal conviction may be sufficient to support a revocation. *Id.* Circumstantial evidence may be sufficient to warrant revocation. *Passmore v. State*, 2024 Ark. App. 425, 698 S.W.3d 400.

The State presented evidence that Craig did not report to her probation officer at any time during a four-month period and that Officer Watts did not see her after her initial intake appointment until she appeared in court following the filing of the revocation petition. Officer Watts also conducted a home visit in December and left a note on Craig's door with reporting instructions for the following Monday in an attempt to re-engage her.

Craig argues that she complied with her reporting condition because Watts was not present when she initially appeared at the Mena office in September. Watts, however, did not recount being absent from the office that day. The circuit court was in the superior

position to assess the credibility of the testimony, and the circuit court did not clearly err by choosing to believe Officer Watts's testimony was more credible. *See Cockrell v. State*, 2024 Ark. App. 184, at 9, 686 S.W.3d 612, 617. Even so, failing to have any contact with Officer Watts for the following four months was sufficient evidence to revoke her probation. *See Turner v. State*, 2019 Ark. App. 534, at 6, 590 S.W.3d 158, 162 (affirming revocation when defendant failed to report and had no contact with the probation office during a four-month period).

Accordingly, we hold that the circuit court's decision that Craig inexcusably violated the terms of her probation was not clearly against the preponderance of the evidence. Because only one violation is necessary to support revocation, we need not address Craig's other argument and can affirm. *See McKinney v. State*, 2020 Ark. App. 473, at 3, 612 S.W.3d 172, 175**.**

Affirmed.

GLADWIN and WOOD, JJ., agree.

*Dusti Standridge*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Dalton Cook*, Ass't Att'y Gen., for appellee.